PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* EMILIO ALMODÓVAR DE JESÚS, Defendant and Appellant.

No. 5204.   Argued November 23, 1933.—Decided January 26, 1934.

*José Veray, Jr.*, for appellant.   *R. A. Gómez, Fiscal*, for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Emilio Almodóvar de Jesús took the present appeal from a judgment convicting him of a subsequent offense of petit larceny.

The first ground of appeal urged is that the lower court allowed a policeman to testify in regard to statements of the accused without his being connected with the crime.

After the *corpus delicti* has been established, evidence in regard to admissions, statements, or confessions of the accused may be admitted; and in this case not only was the

*corpus delicti* proved by the testimony of Manuel López, that 300 cigars with their bands but without internal revenue stamps were taken from his establishment, but evidence connecting the defendant with that theft had also been presented, as two witnesses testified that on the following day the defendant offered to sell to one of them some cigars, which he did not buy from him because they had no internal revenue stamps affixed thereto; and another witness testified that the stolen cigars were made for him by Manuel López, who immediately notified him that they had been stolen, and told him that if they were going to be sold, to buy them so that he could investigate the theft; and that on the day following the theft, the defendant offered for sale 300 cigars with their bands but without internal revenue stamps, and that he bought 200 of them for less than their real price; which cigars, according to the injured party, are the same ones that were stolen from him. Consequently, the alleged error does not exist.

The second ground is that the lower court erred in admitting evidence of a former conviction of the defendant without his guilt having been proved beyond a reasonable doubt.

When the evidence of a former conviction was presented, there was, in addition to the testimony above mentioned; that of the policeman José Gerena, according to which the defendant voluntarily said in the presence of the district chief that he had stolen the cigars and sold 200 to Morales. That circumstantial evidence was *prima facie* sufficient to consider the guilt of the accused proved, for which reason the evidence of a former conviction of the same offense was afterwards admissible.

By the last ground of appeal it is maintained that the lower court committed a grave and manifest error in passing upon the evidence offered, as it weighed the same with passion, prejudice, and partiality.

No fact appears from the record, and none is alleged, to show that the court acted with passion, prejudice, or partiality, and so the question to decide is whether manifest error was committed in the weighing of the evidence.

After the close of the evidence for the prosecution, to which we have referred, the defense presented his. The defendant testified that he sold to Manuel Morales the 200 cigars that were seized, which he made, as he is a cigar-maker; that he was in the habit of selling cigars without internal-revenue stamps, and that he did not tell the policeman Gerena that he had stolen them. One witness introduced by him, testified that he had not seen the defendant making cigars but he had seen him selling them; and two other witnesses stated that they had seen the accused making cigars. The district chief of police said that the defendant stated before him and the policeman Gerena, that he had sold the 200 cigars seized but not that he had stolen them, although on cross-examination by the district attorney he stated that he did not remember whether or not the defendant had said that he had stolen those cigars.

We do not believe that the lower court committed manifest error in the weighing of all the evidence, since, even eliminating the testimony of policeman Gerena, there appears a contradiction between the evidence of the district attorney and that of the defendant only as to whether the cigars bought by Morales were made by López or by the defendant: a conflict that the court decided against the accused; and as the rest of the evidence of the defendant does not overcome that of the prosecution, we cannot hold that the ground of appeal that we are discussing exists.

The judgment appealed from must be affirmed.